UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Cedric H. Overton | § § § | |
| *Plaintiff,* | § | |
| v. | § § | Cause No. 3:17-cv-02944 |
| Receivables Performance Management, LLC | § § § | |
| *Defendant.* | § | |

### DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Receivables Performance Management, LLC ("Defendant"), and files this Answer to Plaintiff's Complaint, and will show onto this Court as follows:

#### Nature of the Action

1.      Defendant admits that Plaintiff brings this action complaining of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"); the Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq*. ("TDCA") and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.01 *et seq*. ("DTPA"). Defendant denies any such violations have occurred.

#### Jurisdiction and Venue

2.      Defendant admits that this action is brought pursuant to the FDCPA and TCPA. Defendant is without sufficient information to form a belief necessary to admit or deny the remainder of Paragraph 2, and therefore denies Paragraph 2.

3.     Defendant admits it conducts business with the jurisdictional boundaries of the Northern District of Texas. Defendant is without sufficient information to form a belief necessary to admit or deny the remainder of Paragraph 3, and therefore denies Paragraph 3.

## Parties

4.     Defendant admits that Plaintiff is a natural person. Defendant is without sufficient information to form a belief necessary to admit or deny the remainder of Paragraph 4, and therefore denies Paragraph 4.

5.     Defendant admits Paragraph 5.

6.     Defendant admits Paragraph 6.

7.     Defendant admits Paragraph 7.

8.     Defendant admits that as a company it can only act through its employees and agents acting within the scope of their employment.

## Facts Supporting Causes of Action

9.     Defendant admits it called Plaintiff in the first half of 2016.

10.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 10, and therefore denies Paragraph 10.

11.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 11, and therefore denies Paragraph 11.

12.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 12, and therefore denies Paragraph 12.

13.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 13, and therefore denies Paragraph 13.

14.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 14, and therefore denies Paragraph 14.

15.     Defendant admits it was attempting to contact someone other than Plaintiff.

16.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 16, and therefore denies Paragraph 16.

17.     Defendant denies Paragraph 17.

18.     Defendant denies Paragraph 18.

19.     Defendant denies Paragraph 19.

20.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 20, and therefore denies Paragraph 20.

21.     Defendant denies Paragraph 21.

22.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 22, and therefore denies Paragraph 22.

23.     Defendant denies Paragraph 23.

## Count I – FDCPA

24.     Defendant reincorporates the preceding paragraphs as if fully set our herein.

25.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 25, and therefore denies Paragraph 25.

26.     Defendant admits it sometimes qualifies as a debt collector under the FDCPA.

27.     Defendant admits Paragraph 27.

28.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 28, and therefore denies Paragraph 28.

29.     Defendant denies Paragraph 29 as an incomplete and/or inaccurate statement of law.

30.     Defendant denies Paragraph 30.

31.     Defendant denies Paragraph 31 as an incomplete and/or inaccurate statement of law.

32.     Defendant denies Paragraph 32.

33.     Defendant denies Paragraph 33.

34.     Defendant denies Paragraph 34 as an incomplete and/or inaccurate statement of law.

35.     Defendant denies Paragraph 35 as an incomplete and/or inaccurate statement of law.

36.     Defendant denies Paragraph 36.

37.     Defendant denies Paragraph 37 as an incomplete and/or inaccurate statement of law.

38.     Defendant denies Paragraph 38.

39.     Defendant denies Paragraph 39.

Defendant denies Plaintiff's prayer and it subparts, and denies Plaintiff is entitled to any relief or damages.

<h2 align="center">Count II – TCPA</h2>

40.     Defendant reincorporates the preceding paragraphs as if fully set our herein.

41.     Defendant denies Paragraph 41 as an incomplete and/or inaccurate statement of law.

42.     Defendant denies Paragraph 42.

43.     Defendant denies Paragraph 43.

44.     Defendant admits it was not calling for an emergency purpose.

45.     Defendant denies Paragraph 45.

Defendant denies Plaintiff's prayer and it subparts, and denies Plaintiff is entitled to any relief or damages.

<h2 align="center">Count III – TDCA</h2>

46.     Defendant reincorporates the preceding paragraphs as if fully set our herein.

47.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 47, and therefore denies Paragraph 47.

48.     Defendant admits it sometimes qualifies as a debt collector under the TDCA.

49.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 49, and therefore denies Paragraph 49.

50.     Defendant denies Paragraph 50 as an incomplete and/or inaccurate statement of law.

51.     Defendant denies Paragraph 51.

Defendant denies Plaintiff's prayer and it subparts, and denies Plaintiff is entitled to any relief or damages.

## Count IV – DTPA

52.     Defendant reincorporates the preceding paragraphs as if fully set our herein.

53.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 53, and therefore denies Paragraph 53.

54.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 54, and therefore denies Paragraph 54.

55.     Defendant denies Paragraph 55.

56.     Defendant is without sufficient information to form a belief necessary to admit or deny Paragraph 56, and therefore denies Paragraph 56.

57.     Defendant denies Paragraph 57.

58.     Defendant denies Paragraph 58.

59.     Defendant denies Paragraph 59.

60.     Defendant denies Paragraph 60 as an incomplete and/or inaccurate statement of law.

61.     Defendant denies Paragraph 61.

62.     Defendant denies Paragraph 62.

63.     Defendant denies Paragraph 63.

Defendant denies Plaintiff's prayer and it subparts, and denies Plaintiff is entitled to any relief or damages.

## Jury Demand

64.     Defendant acknowledges that Plaintiff has demanded a trial by jury in this case.

## Affirmative Defenses

65.     One or more or Plaintiff's claims are barred by the relevant statute of limitations.

66.     Plaintiff lacks consumer standing necessary to prevail under the Texas DTPA. *See Dodeka, L.L.C. v. Garcia*, No. 04-11-00016-CV, 2011 WL 4825893, at *2 (Tex. App.—San Antonio Oct. 12, 2011).

67.     Plaintiff has failed to mitigate damages, if any.

68.     Plaintiff's damages, if any, are the result of a pre-existing condition not caused nor exacerbated by Defendant.

69.     Plaintiff proximately caused his own damages, if any.

70.     Plaintiff failed to state a claim in which relief can be granted.

71.     Plaintiff's damages were caused by a third party over which Defendant has no control.

72.     If any error occurred it was due to a bona fide error.

73.     Defendant denies that Plaintiff has suffered a specific, concrete injury.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

**MALONE AKERLY MARTIN PLLC**

*/s/* Robbie Malone_____
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE AKERLY MARTIN PLLC**
NCX Building, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR DEFENDANT*
*RECEIVABLES PERFORMANCE*
*MANAGEMENT, LLC*


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via CM/ECF on this 27th day of December, 2017 to:

Taxiarchis Hatzidimitriadis
Sulaiman Law Group, Ltd.
2500 South Highland Avenue Suite 200
Lombard Illinois
thatz@sulaimanlaw.com
*Attorney for Plaintiff*


*/s/* Robbie Malone_____
ROBBIE MALONE