UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEDRIC H. OVERTON,<br><br>    Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANGEMENT, LLC,<br><br>    Defendant. | Case No. 3:17-cv-02944-B<br><br>Honorable Judge Jane J. Boyle |

**PLAINTIFF' S MOTION TO DISMISS HIS FILED COMPLAINT**

NOW comes, CEDRIC H. OVERTON ("Plaintiff") by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), bringing this Motion to Dismiss His Filed Complaint, and in support states as follows:

### I. Factual Background

1. On October 25, 2017, Plaintiff brought his Complaint for Relief Pursuant to the Fair Debt Collection Practices Act ("FDCPA"), Telephone Consumer Protection Act ("TCPA"), the Texas Debt Collection Practices Act ("TDCA") and Texas Deceptive Trade Practices Act ("DTPA") [Dkt. # 1].

2. On April 12, 2018, Plaintiff filed an Agreed Stipulation of Dismissal to dismiss his TCPA claim [Dkt. 25].

### II. Relief Requested

3. Counsel for Plaintiff respectfully request that this Court dismiss the FDCPA count with prejudice and dismiss the TDCA and DTPA without prejudice.

### III. Brief in Support

3. On March 7, 2018, Plaintiff's counsel received Defendant's responses to their discovery request.

4. Plaintiff reviewed Defendant's discovery responses to its counsel as Plaintiff no longer wishes to pursue his FDCPA claim against Defendant.

5. However, based on Defendant's discovery production, Plaintiff believes his TDCA and DTPA claims are still viable and would like to litigate these claims in state court.

6. Pursuant to Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Dismissal under Rule 41(a)(2) is within the sound discretion of the Court. *Tyco Laboratories, Inc. v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir. 1980). In exercising its discretion, a court must seek to prevent prejudice to the non-moving parties. *Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 45 (1st Cir. 1981). Generally speaking, plaintiffs should be permitted to dismiss their actions freely, unless the defendant would suffer plain legal prejudice. *See Ratkovich v. Smith Kline & French Laboratories,* 1990 U.S. Dist. LEXIS 1279, *8-9 (N.D. Ill. Feb. 2, 1990). Dismissing a case with prejudice is a protective measure designed to protect defendants from any prejudice stemming from a dismissal.

7. Because Plaintiff seeks to remove this case from Federal Court and refile in state court, Defendant will suffer no legal prejudice as a result of dismissing the instant action.

WHEREFORE, Plaintiff, CEDRIC H. OVERTON, respectfully requests that this Honorable Court allow him to dismiss the Fair Debt Collection Practices Act count with Prejudice and dismiss his Texas Debt Collection Practices Act and Texas Deceptive Trade Practices Act without Prejudice.

Dated: June 14, 2018                                    Respectfully submitted,

                                                        s/ Nathan C. Volheim
                                                        Nathan C. Volheim, Esq. 6302103
                                                        *Counsel for Plaintiff*
                                                        Admitted in the Northern District of Texas
                                                        Sulaiman Law Group, Ltd.
                                                        2500 S. Highland Avenue, Suite 200
                                                        Lombard, IL 60148
                                                        Phone (630) 575-8181 x113
                                                        Fax: (630)575-8188
                                                        nvolheim@sulaimanlaw.com

## CERTIFICATE OF CONFERENCE

On the 24th day of May, 2018, the Plaintiff's counsel contacted Defendant's counsels, Robbie Malone and Jacob Bach, via email to confer regarding filing an Agreed Stipulation of Dismissal to dismiss his client's Fair Debt Collection Practices claim with Prejudice and filing a separate Stipulation Dismissal to dismiss the Texas Debt Collection Act and Texas Deceptive Practices Act claims without Prejudice. On May 29, 2018, after not hearing back from Defendant's counsel, he sent a follow up email. Defendant's counsel, Robbie Malone, responded indicating that she has not heard back from her client.  On June 8, 2018, Defendant's counsel emailed Plaintiff offering a settlement on this matter but did not clarify Defendant's position regarding the filing the dismissals in this case.  On June 11, 2018, Plaintiff's counsel requested defendant's counsel to clarify their position on this matter.  At this time, Plaintiff's counsel has not received a firm response from Defendant as to its position on the dismissal terms proposed by Plaintiff's counsel on May 24, 2018.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 24, 2018, a copy of the foregoing was filed electronically via CM/ECF with the United States District Court, Northern District of Texas, Dallas Division, with notification being sent electronically to all counsel of record.

                                                        s/ Nathan C. Volheim
                                                        Nathan C. Volheim, Esq. 6302103
                                                        *Counsel for Plaintiff*
                                                        Admitted in the Northern District of Texas
                                                        Sulaiman Law Group, Ltd.
                                                        2500 S. Highland Avenue, Suite 200
                                                        Lombard, IL 60148
                                                        Phone (630) 575-8181 x113
                                                        Fax: (630)575-8188
                                                        nvolheim@sulaimanlaw.com